Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2018 APR 27  A 11: 03

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X
EFRAIN TAPIA, individually and on behalf of all others similarly situated,

                        Plaintiff,

-against-

GLAZE DONUTS CORPORATION, GLAZE ARTISAN DONUTS LLC, GLAZE WEST CALDWELL LLC, and JULE HAZOU, as an individual,

                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiff, **EFRAIN TAPIA, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **EFRAIN TAPIA, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **GLAZE DONUTS CORPORATION, GLAZE ARTISAN DONUTS LLC, GLAZE WEST CALDWELL LLC, and JULE HAZOU, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at GLAZE DONUTS CORPORATION, GLAZE ARTISAN DONUTS LLC, and GLAZE WEST CALDWELL LLC, located at 358 River Road, New Milford, New Jersey 07646, 554 Passaic Avenue, West Caldwell, New Jersey 07006, and 67 East Ridgewood Avenue, Paramus, New Jersey 07652.

1

3. As a result of the violations of Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and New Jersey Wage Payment Law ("NJWPL") delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff EFRAIN TAPIA residing at 225 Eagle Avenue, New Milford, New Jersey 07646, was employed by Defendants at GLAZE DONUTS CORPORATION, GLAZE ARTISAN DONUTS LLC, and GLAZE WEST CALDWELL LLC from in or around October 2014 until in or around June 2016 and from in or around June 2017 until in or around November 2017.
9. Upon information and belief, Defendant, GLAZE DONUTS CORPORATION, is a corporation organized under the laws of New Jersey with a principal executive office at 358 River Road, New Milford, New Jersey 07646.
10. Upon information and belief, Defendant, GLAZE DONUTS CORPORATION, is a corporation authorized to do business under the laws of New Jersey.
11. Upon information and belief, Defendant, GLAZE ARTISAN DONUTS LLC, is a limited liability company organized under the laws of New Jersey with a principal executive office at 358 River Road, New Milford, New Jersey 07646.

12. Upon information and belief, Defendant, GLAZE ARTISAN DONUTS LLC, is a limited liability company authorized to do business under the laws of New Jersey.
13. Upon information and belief, Defendant, GLAZE WEST CALDWELL LLC, is a limited liability company organized under the laws of New Jersey with a principal executive office at 554 Passaic Avenue, West Caldwell, New Jersey 07006.
14. Upon information and belief, Defendant, GLAZE WEST CALDWELL LLC, is a limited liability company authorized to do business under the laws of New Jersey.
15. Upon information and belief, Defendant JULE HAZOU owns and/or operates GLAZE DONUTS CORPORATION.
16. Upon information and belief, Defendant JULE HAZOU is the Chairman of the Board of GLAZE DONUTS CORPORATION.
17. Upon information and belief, Defendant JULE HAZOU is the Chief Executive Officer of GLAZE DONUTS CORPORATION.
18. Upon information and belief, Defendant JULE HAZOU is an agent of GLAZE DONUTS CORPORATION.
19. Upon information and belief, Defendant JULE HAZOU has power over personnel decisions at GLAZE DONUTS CORPORATION.
20. Upon information and belief, Defendant JULE HAZOU has power over payroll decisions at GLAZE DONUTS CORPORATION.
21. Defendant JULE HAZOU has the power to hire and fire employees at GLAZE DONUTS CORPORATION, establish and pay their wages, set their work schedule, and maintains their employment records.
22. Upon information and belief, Defendant JULE HAZOU owns and/or operates GLAZE ARTISAN DONUTS LLC.
23. Upon information and belief, Defendant JULE HAZOU is the Chairman of the Board of GLAZE ARTISAN DONUTS LLC.
24. Upon information and belief, Defendant JULE HAZOU is the Chief Executive Officer of GLAZE ARTISAN DONUTS LLC.
25. Upon information and belief, Defendant JULE HAZOU is an agent of GLAZE ARTISAN DONUTS LLC.

26. Upon information and belief, Defendant JULE HAZOU has power over personnel decisions at GLAZE ARTISAN DONUTS LLC.
27. Upon information and belief, Defendant JULE HAZOU has power over payroll decisions at GLAZE ARTISAN DONUTS LLC.
28. Defendant JULE HAZOU has the power to hire and fire employees at GLAZE ARTISAN DONUTS LLC., establish and pay their wages, set their work schedule, and maintains their employment records.
29. Upon information and belief, Defendant JULE HAZOU owns and/or operates GLAZE WEST CALDWELL LLC.
30. Upon information and belief, Defendant JULE HAZOU is the Chairman of the Board of GLAZE WEST CALDWELL LLC.
31. Upon information and belief, Defendant JULE HAZOU is the Chief Executive Officer of GLAZE WEST CALDWELL LLC.
32. Upon information and belief, Defendant JULE HAZOU is an agent of GLAZE WEST CALDWELL LLC.
33. Upon information and belief, Defendant JULE HAZOU has power over personnel decisions at GLAZE WEST CALDWELL LLC.
34. Upon information and belief, Defendant JULE HAZOU has power over payroll decisions at GLAZE WEST CALDWELL LLC.
35. Defendant JULE HAZOU has the power to hire and fire employees at GLAZE WEST CALDWELL LLC., establish and pay their wages, set their work schedule, and maintains their employment records.
36. During all relevant times herein, Defendant JULE HAZOU was Plaintiff's employer within the meaning of the FLSA, NJWHL and NJWPL.
37. On information and belief, GLAZE DONUTS CORPORATION is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

38. On information and belief, GLAZE ARTISAN DONUTS LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

39. On information and belief, GLAZE WEST CALDWELL LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

40. Plaintiff EFRAIN TAPIA was employed by Defendants at GLAZE DONUTS CORPORATION, GLAZE ARTISAN DONUTS LLC, and GLAZE WEST CALDWELL LLC, from in or around October 2014 until in or around June 2016 and from in or around June 2017 until in or around November 2017.

41. During Plaintiff EFRAIN TAPIA'S employment by Defendants, Plaintiff's primary duties were as a baker, doughnut maker and cleaner, and performing other miscellaneous duties from in or around October 2014 until in or around June 2016 and from in or around June 2017 until in or around November 2017.

42. Plaintiff EFRAIN TAPIA was paid by Defendants approximately $600.00 per week from in our around April 2017 until in or around October 2017.

43. Plaintiff EFRAIN TAPIA worked six (6) to seven (7) days per week during his employment by Defendants.

44. Plaintiff EFRAIN TAPIA regularly worked approximately ten (10) hours per day during his employment by Defendants.

45. As such, Plaintiff EFRAIN TAPIA worked approximately sixty (60) to seventy (70) hours per week for Defendants from in or around October 2014 until in or around June 2016 and from in or around June 2017 until in or around November 2017.
46. Although Plaintiff EFRAIN TAPIA worked approximately sixty (60) to seventy (70) hours or more per week during his employment by Defendants from in or around October 2014 until in or around June 2016 and from in or around June 2017 until in or around November 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
47. Furthermore, Defendants failed to pay Plaintiff EFRAIN TAPIA for his last two weeks of work.
48. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
50. Collective Class: All persons who are or have been employed by the Defendants as doughnut makers, bakers, and cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants at 358 River Road, New Milford, New Jersey 07646, 554 Passaic Avenue, West Caldwell, New Jersey 07006, and 67 East Ridgewood Avenue, Paramus, New Jersey 07652, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
51. Upon information and belief, Defendants employed approximately 40 employees within the relevant time period who were subjected to similar payment structures.

52. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
53. Defendants' unlawful conduct has been widespread, repeated, and consistent.
54. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
55. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
56. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NJWHL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
57. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
58. The claims of Plaintiff are typical of the claims of the putative class.
59. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
60. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
62. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

63. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
64. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
65. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
66. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
67. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New Jersey Wage and Hour Law

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
69. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.
70. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.
71. Also as described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.

72. Plaintiff, and any FLSA Plaintiff, who opts-in to this action, is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.
73. Plaintiff, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL's overtime provisions.

### THIRD CAUSE OF ACTION
### Unpaid Wages Under New Jersey Wage Payment Law

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
75. NJWPL § 34:11-4.2 *et seq.* requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular pay days that are designated in advance by the employer.
76. As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWPL.
77. Also as described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, were not paid the full amount of wages due to them each pay period by Defendants.
78. Plaintiff, and any FLSA Plaintiff, who opts-in to this action, is entitled to full payment for all wages due to them that were not paid.
79. Plaintiff, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWPL's wage payment provisions.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the NJWHL, and the NJWPL, and their regulations;
   b. Awarding Plaintiff unpaid overtime wages;

...

c. Awarding Plaintiff unpaid wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216, NJWHL, and NJWPL;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 30th day of March 2018.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598