NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 31, 2019

Stephen R. Bosin, Esq.
70 Grand Avenue, Suite 200
River Edge, NJ 07661-0201
*Counsel for Defendants*

Roman M. Avshalumov, Esq.
Helen Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, NY 11375
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

  Re: Tapia v. Glaze Donuts Corp., et al.
     Civil Action No. 18-8517 (SDW) (LDW)

Counsel:

  Before this Court is Defendants Glaze Donuts Corporation, Glaze Artisan Donuts, LLC, Glaze West Caldwell, LLC, and Julie Hazou's (collectively, "Defendants") Motion to Dismiss Plaintiff Efrain Tapia's ("Tapia" or "Plaintiff") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendants' motion.

## DISCUSSION

  A. <u>Standard of Review</u>

  An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic*

---

[1] Although the motion is docketed as a motion to dismiss for lack of jurisdiction, it is obvious from the briefing that the motion challenges the substance of Plaintiff's Complaint, not this Court's jurisdiction.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Plaintiff's Complaint Sufficiently States a Claim Upon Which Relief Can be Granted</u>

Between October 2014 and June 2016 and then again between June 2017 and November 2017, Defendants employed Plaintiff as a baker, donut maker and cleaner. (D.E. 1 ¶¶ 8, 40-41.) During that time, Plaintiff worked approximately ten hours a day, six to seven days a week and was paid $600.00 week, but was not paid overtime and was also not paid wages due to him. (*Id.* ¶¶ 42-46.) On April 30, 2018, Plaintiff filed suit in this Court on behalf of himself and others similarly situated[2] alleging that Defendants' failure to pay him overtime violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 210 *et seq.*[3]*,* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, and their failure to pay him wages violated the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.* (D.E. 1.) Defendants moved to dismiss the Complaint, alleging that Plaintiff failed to state a claim upon which relief can be granted. (D.E. 11.)

Although Plaintiff's pleadings are general in nature, they contain allegations that, during his employment, he consistently worked in excess of sixty hours per week and was not properly paid overtime and regular wages as required by federal and state law. Plaintiff identifies the entities and persons responsible for his employment, his weekly hours, the dates he was employed, his weekly pay, and the damages he alleges he suffered. If true, the facts as alleged would entitle Plaintiff to relief. In addition, the Complaint is sufficient to put Defendants on

---

[2] This Court makes no determination at this time as to the validity of the class action component of Plaintiff's Complaint. That issue is not ripe for resolution.

[3] The FLSA "regulates, as a general matter, the minimum wages and overtime wages paid to workers." *Min Fu v. Hunan of Morris Food, Inc.*, No. 12-cv-058719 (KM), 2013 WL 5970167, *4 (D.N.J. Nov. 6, 2013). Section 216(b) of the FLSA grants employees the right to file suit "against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (2008). "The NJWHL established a similar statutory scheme in New Jersey." *Berrada v. Cohen*, Civ. No. 16-574, 2018 WL 4629569, at *6 (D.N.J. Sept. 27, 2018) (noting that N.J. Stat. Ann. § 34:11-56a4 "address[es] minimum rates, overtime rates, and exceptions thereto"). Under the NJWPL, employers may not "withhold or divert any portion of an employee's wages unless" the employer is "required or empowered to do so by New Jersey or United States Law." N.J.S.A. 34:11-4.4; *see also Snyder v. Diez & Watson, Inc.*, 837 F. Supp. 2d 428, 445 (D.N.J. 2011).

notice of Plaintiff's claims and to permit them to defend themselves against those claims. Therefore, Defendants' motion to dismiss will be denied.[4]

However, Plaintiff's Complaint was filed on April 30, 2018 and seeks wages and overtime for his employment between October 2014 to June 2016 and between June 2017 to November 2017. The three-year statute of limitations for the FLSA precludes any claims prior to April 30, 2015 and the two-year statute of limitations for the NJWHL precludes any claims prior to April 30, 2016. *See* 19 U.S.C. § 255(a); N.J. Stat. Ann. 34:11-56a25.1 (West 2015); *Wright v. Nesor Alloy Corp.*, No. 03-cv-1789 (JLL), 2006 WL 2830969, at *13 (D.N.J. Sept. 29, 2006) (recognizing the two-year statute of limitations under the NJWHL).[5] Moving forward, Plaintiff's claims shall be narrowed accordingly.

## **CONCLUSION**

Defendants' Motion to Dismiss is **DENIED**. An appropriate order follows.

       /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.

---

[4] This Court must limit its review to the four corners of the Complaint and, therefore, will not consider the affidavits and exhibits attached to the parties' briefs. Defendants' contention that the corporate entities being sued are not subject to the provisions of the FLSA or the NJWHA because their gross sales are less than $500,000.00 (D.E. 11-1 at 4) is a question of fact appropriately resolved at summary judgment after discovery is completed. Plaintiff's Complaint alleges that the corporate defendants meet the statutory threshold for gross sales, and that is sufficient at this time.

[5] The NJWPL does not contain an explicit statute of limitations. *See New Jersey v. Haig's Service Corp.*, Civ. No. 12-4797, 2016 WL 4472952, at *5 (D.N.J. Aug. 24, 2016) (noting that the NJWHL and the NJWPL are "separate and distinct legislative enactments" such that the NJWHL's two-year statute of limitations cannot be applied to the NJWPL) (internal citations omitted). This Court takes no position on whether Plaintiff will ultimately prevail on his claims.