# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EFRAIN TAPIA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GLAZE DONUTS CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>18-8517 (LDW)<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval. (ECF No. 49). The parties have consented to have a Magistrate Judge conduct all further proceedings in this case, including entry of final judgment. (ECF No. 50).

### I.   Background and Procedural History

1.  The parties' proposed settlement resolves all claims in the action entitled *Tapia v. Glaze Donuts Corp., et al.*, Civ. A. No. 18-8517 (LDW), which is currently pending before this Court.

2.  Plaintiff Efrain Tapia commenced this action on April 30, 2018, alleging that defendants failed to pay him overtime wages for time worked in excess of forty hours per week and failed to pay him any wages for his last two weeks of work in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* (Complaint, ECF No. 1).

3.  Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 30, 2018. (ECF No. 11). The Honorable Susan D.

Wigenton, U.S.D.J. denied defendants' motion by Opinion and Order dated January 31, 2019. (ECF Nos. 20, 21). Defendants answered the complaint on March 5, 2019, (ECF No. 22), and the parties proceeded to engage in several months of fact discovery.

4. On April 18, 2019, plaintiff Victoria Perez-Flores filed a consent to join the collective action. (ECF No. 29).

## II. Settlement Terms

5. The parties appeared before the undersigned for a settlement conference on January 15, 2020, during which they engaged in good faith, arms-length negotiations but were unable to reach a settlement. After additional negotiations, the parties notified the Court that they had reached a settlement in principle on March 12, 2020 and submitted a settlement agreement and joint motion for settlement approval on July 28, 2020. (ECF Nos. 41, 49).

6. The parties have agreed to settle this case for a total amount of $20,000.00 as follows:

   a. Defendants agreed to make installment payments totaling $12,497.00 to plaintiffs.

   b. Defendants additionally agreed to pay $7,503 in attorneys' fees and expenses to Helen F. Dalton & Associates, P.C.

   c. Finally, defendants agreed to execute Confessions of Judgment in the amount of $60,000, less any payments made pursuant to the settlement agreement, to be held in escrow in case of default.

   d. The settlement amount will be reduced to $18,000 if paid within 180 days of entry of this Order approving the settlement.

### III. Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

9. Here, the settlement resolves a bona fide dispute over the number of hours plaintiffs worked and their entitlement to overtime wages.

10. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

11. The Court finds that the settlement reflects a fair and reasonable compromise of disputed issues. The parties' settlement recognizes the expense of ongoing litigation, the risks of establishing liability and damages, and potential issues collecting on a larger judgment. *See Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017).

12. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

13. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does not include confidentiality, non-disparagement, or general release provisions. *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) ("Courts have approved truly 'limited,' or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees.").

### IV.   Award of Attorneys' Fees and Costs

14. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted); *see Mabry*, 2015 WL 5025810, at *3.

15. Plaintiffs' counsel seeks fees in the amount of one-third of the total settlement amount after deduction of expenses. This amount is within the range of reasonableness, and the Court will approve the proposed fee in light of the length of the litigation and the motion practice and discovery in which counsel engaged. *Cf. Redden*, 2017 WL 4883177, at *2 ("Here, the proposed $14,406 in attorneys' fees represents approximately 36 percent of the $40,000 settlement fund, which is within the range of fee awards approved by courts in this Circuit."); *Lyons v. Gerhard's Inc.*, Civ. A. No. 14-6693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015) (approving attorneys' fees amounting to 44% of the total settlement amount, despite it being "on the higher

4

side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition).

## V.     Conclusion and Dismissal

16.     Having considered the parties' submissions in support of their joint motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 49) and approves the payments to be made to plaintiffs as set forth therein.

17.     The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

18.     The Clerk of Court is directed to terminate the motion at ECF No. 49 and mark this matter closed.

**It is SO ORDERED this 26th day of August, 2020.**

                                                      *s/ Leda Dunn Wettre*
                                                      Hon. Leda Dunn Wettre
                                                      United States Magistrate Judge